PER CURIAM:
Claimants brought this action for damage to their 2002 Chevrolet Suburban which occurred when claimant Kelly Ferren was traveling on County Route 3 near Bridgeport in Taylor County and their vehicle collected tar and gravel, staining portions of the vehicle’s paint. Respondent was responsible at all times herein for the maintenance of County Route 3. The Court is of the opinion to deny this claim for the reasons set forth below.
The incident giving rise to this claim occurred on May 30, 2002, at approximately 2:40 p.m. Mrs. Ferren was traveling County Route 3 on her way to pick up her children at school. It was at least eighty degrees outside and there was no rain at or near the time of this incident. Mrs. Ferren stated that, as she was traveling downhill on County Route 3, it seemed as though she was driving through a construction zone where the road had just been paved. She stated that her tires left *295 “grooves” in the road which made it seem as though she was traveling through a recently paved road. Mrs. Ferrenhad traveled this portion of County Route 3 at least four times per week during the past three years. The next day claimants discovered that tar had splashed up on the side of the vehicle and its fender wells. Mrs. Ferren contacted respondent and drove the vehicle to the Taylor County headquarters. Respondent’s employees offered to provide claimants a liquid solution to apply to the areas covered by tar. However, claimants were afraid that this might damage the paint on their vehicle so they chose not to use it. Claimants took their vehicle to a private body shop that detailed it and successfully removed the tar and rock-chips. Claimants submitted a repair bill in the amount of $93.34.
Claimants contend that respondent should have had warning signs in place to give notice to the traveling public of this hazardous condition.
Respondent asserts that it had no notice that County Route 3 presented a hazard of bleeding tar to the traveling public.
Larry Weaver, transportation crew supervisor for respondent in Taylor County, testified that he is familiar with the portion of County Route 3 at issue and travels it often. He stated that County Route 3 has a tar and chip road surface which is created by placing a tar strip and then covering it with chips. He described County Route 3 as an unmarked secondary highway. Mr. Weaver stated that he took the photographs of the claimants’ vehicle depicting some areas with tar on it. He testified that the reason that tar may get on a vehicle like this is that tar and chip roads have a tendency for the tar to rise to the surface of the road during hot weather. He stated that this is a characteristic of a tar and chip road surface when the temperature rises above eighty degrees. He also stated that some roads are more likely to bleed than others such as those roads with a higher volume of traffic and those roads that have less shaded areas. He testified that there are some roads in Taylor County that are more likely to do this than others based upon his past experience; however, County Route 3 is not a route that has had this problem in the past. Furthermore, he stated that there have been no prior complaints regarding bleeding tar problems on County Route 3.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In this claim, the evidence established that County Route 3 is a low priority tar and chip road in terms of maintenance. Respondent had not experienced, any problem with this road bleeding tar prior to this incident. Further, respondent did not have prior notice that County Route 3 was bleeding tar at the time claimants’ vehicle was damaged. The evidence also established that respondent made a reasonable offer to assist claimants in cleaning their vehicle with a solution free of charge. The Court is of the opinion that the respondent acted diligently, and further, that there is insufficient evidence of negligence on which to justify an award.
Therefore, in view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.